## MATTER OF RAPACON

### Application for Permission to Reapply

### A–19049946

*Decided by Regional Commissioner June 4, 1973*

Notwithstanding the presence of adverse factors consisting principally of applicant's prior false testimony to the Service concerning his employment abroad and his return to the United States as a nonimmigrant without the requisite permission to reapply, his application for permission to reapply for admission to the United States after deportation is granted, in the exercise of discretion, since it appears that applicant was honestly unaware that he had executed an outstanding order of deportation upon his departure from this country; departure was at his own expense; and his services are urgently needed in the United States.

ON BEHALF OF APPLICANT:  Bert D. Greenberg, Esquire
Suite 1800, California Federal Building
5670 Wilshire Boulevard
Los Angeles, California 90036

The applicant, a 26-year-old unmarried male, native and citizen of the Philippines, was deported to that country on December 8, 1969. He seeks permission to reapply as an immigrant. The matter is before us on appeal from the decision of the District Director, who denied the application as a matter of discretion.

The record reflects that the applicant has been represented by his present counsel in all proceedings before the Service. Therefore, they will not be discussed in detail except as to matters touching on the matter before us. However, to clarify the issues there follows a resume of pertinent events concerning the applicant's status in the United States.

September 21, 1968   Admitted as a nonimmigrant visitor at Toronto Airport until December 1, 1968.

September 28, 1968   Telephonically notified his Canadian employer he would not be returning to his position there.

November 30, 1968   Applied for extension of his nonimmigrant status to January 15, 1969, application granted January 7, 1969.

January 14, 1969   Commenced unauthorized employment at a Los Angeles hospital.

| | |
|---|---|
| February 3, 1969 | Filed third preference visa petition in own behalf. Petition approved September 22, 1969. |
| March 12, 1969 | Apprehended by Service investigator and interviewed under oath in presence of present counsel. Order to show cause why he should not be deported was issued. |
| June 17, 1969 | During hearing before special inquiry officer in expulsion proceedings, applied for privilege of voluntary departure from the United States in lieu of deportation. Application granted, with alternate order of deportation if departure not effected within 20 days. Appeal from special inquiry officer's order reserved. |
| June 27, 1969 | Appeal taken from special inquiry officer's decision on ground applicant was not permitted to remain indefinitely until third preference visa numbers became available. |
| August 28, 1969 | Appeal dismissed by Board of Immigration Appeals. |
| October 2, 1969 | Warrant of deportation issued. |
| October 9, 1969 | Request for stay of deportation denied. |
| October 20, 1969 | Complaint for judicial review and declaratory relief filed in U.S. District Court. |
| December 8, 1969 | Applicant departed for the Philippines at own expense. |
| June 28, 1971 | Applicant obtained nonimmigrant visa and gained entry into the United States as an H-1 temporary worker, authorized to remain until May 9, 1972. |
| November 29, 1971 | Applied for permanent resident status pursuant to section 245 of the Act. |
| May 2, 1972 | Application denied on the ground he was inadmissible under section 212(a)(17)—no application for permission to reapply for admission submitted or granted. |

In his initial action denying the applicant permission to remain in the United States while awaiting the availability of an immigrant visa, the District Director concluded that the circumstances did not warrant favorable exercise of discretion. His action was based, in part, on results of the applicant's interview by a Service investigator on March 12, 1969. During the interview the applicant was questioned as follows:

Q. Was it your intention to return to Canada at the time of your entry?
A. Yes, I wanted to go back. I was still employed, and I haven't resigned, and the position is still open.

Further questioning was attempted but the applicant, on advice of counsel, declined to answer. Subsequent inquiry established that the applicant had, in fact, voluntarily terminated his Canadian employment on September 28, 1968, a week after his entry from that country.

In the matter before us the District Director relied on the

foregoing misrepresentations as being of sufficient seriousness to find that favorable exercise of the Attorney General's discretion was not warranted. He also found that the applicant was fully aware he had been deported despite his stated belief that departure at his own expense meant otherwise.

On appeal counsel argues that the Service erred in finding that the applicant had a preconceived intent to engage in employment when he first entered the United States from Canada. He states that it has been held (*Matter of Arai*, 13 I. & N. Dec. 494) that an application for adjustment of status may be granted where unauthorized employment was taken by an overstayed visitor. Counsel also cites applicant's occupation as a professional registered nurse as constituting a sufficient equity to overcome any other adverse factors, a criterion favorably considered by the Central Office (*Matter of H—R—*, 5 I. & N. Dec. 769). Request was made for oral argument.

Oral argument was held as requested on April 13, 1973 with both applicant and associate counsel, Mr. Leslie J. Frank, present. Also present was Miss Marian Heffler, Associate Director of Nursing, Kaiser Foundation Hospital, Inglewood, California, the applicant's direct supervisor. Counsel stated that denial of the present application is an extreme "punishment" in view of the circumstances and that its effect is to find the applicant permanently ineligible to live in the United States. He also stated that the deportation issue was before the United States District Court and was unresolved at the time the applicant left at his own expense, thus, leading him to believe that he departed voluntarily rather than executing his own deportation order. Miss Heffler stated that registered nurses, male nurses in particular, are in short supply locally and that there are four vacancies on the hospital staff for which they have been unable to recruit qualified nurses. She stated that the applicant is a team leader in the surgical unit of their institution and is highly qualified to perform his specialized duties. The applicant stated that he is unmarried and has no dependents in the United States but is furnishing financial assistance for the education of two siblings in the Philippines.

The record of proceeding, including oral argument and brief furnished on appeal, has been carefully considered. It is noted that the applicant concedes "misstatements" concerning his Canadian employment during his March 12, 1969 investigatory interview. That false testimony constitutes the principal substantive evidence which can be construed as adverse, in addition to the applicant's return to the United States without the required permission to reapply for admission after his deportation.

The record does not unequivocally establish that the applicant

377

fully understood the effect of his departure while unresolved proceedings on his behalf still were before the Court. We note that the record contains a letter from the applicant wherein he requested information concerning the whereabouts of his petition. He added "I made a voluntary departure from Los Angeles to Manila, Philippines last December 6, 1969." The letter bears a Manila return address and is dated December 8, 1970. Under the circumstances, it is reasonable to assume that the applicant quite honestly may have been unaware of his ineligibility to reapply for admission to the United States without the permission he now seeks. The applicant's false testimony in 1969 is not condoned. On the other hand we note that the applicant's departure under the outstanding order of deportation was at his own expense and that the record establishes that he possesses occupational qualifications which are needed in the United States.

On balance, on the basis of the evidence of record, it is concluded that the adverse factors are not of such gravity as to preclude the favorable exercise of the Attorney General's discretion. Accordingly, the appeal will be sustained and the application granted *nunc pro tunc* from date of issuance of the nonimmigrant visa.

ORDER: It is ordered that the appeal be sustained and the application granted *nunc pro tunc* from date of issuance of the nonimmigrant visa.