## MATTER OF S-

### In Adjustment of Status Proceedings

*Designated by Commissioner December 19, 1988*

(1) An immigrant alien who entered the United States prior to January 1, 1982, is eligible for temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (Supp. IV 1986), if he can establish that he has been residing in the United States in an unlawful status since such date and is otherwise eligible under the statute.

(2) An immigrant alien who has been found deportable by an immigration judge on the grounds that his initial entry prior to January 1, 1982, was obtained by fraud, and who has been residing in the United States since such date, is an alien who has been residing in the United States in an unlawful status within the purview of section 245A(a)(2)(A) of the Act.

(3) An immigrant alien who entered the United States by fraud prior to January 1, 1982, must file an application for waiver of grounds of excludability in order to be eligible for temporary resident status under section 245A of the Act.

ON BEHALF OF APPLICANT:  Keith W. Bell, Esquire
12350 Industry Way, Suite 203
Anchorage, Alaska 99515

This matter is an appeal from the director's decision finding the applicant ineligible for temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (Supp. IV 1986). The case will be remanded for further action and consideration.

The applicant is a married 31-year-old female native and citizen of the Philippines. Her spouse is a 39-year-old native, citizen, and resident of the Philippines. The couple have two sons. One son is a United States citizen. The other son, who has applied for temporary resident status, is a native and citizen of the Philippines.

The director denied the application because the applicant failed to establish continuous residence in the United States in an unlawful status since prior to January 1, 1982. The director reasoned that because the applicant was a permanent resident on January 1, 1982, and she was found deportable in 1986, she was in a lawful status from January 1, 1982, to 1986.

On appeal, counsel asserts that an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was

issued to the applicant on February 12, 1986, alleging her visa was invalid as the product of fraud, since she was married at the time of her entry into the United States. At a deportation hearing on June 26, 1986, the immigration judge found the applicant deportable as charged and granted her voluntary departure. An appeal is pending before the Board of Immigration Appeals. Counsel asserts further, "It is clear beyond dispute that a person who makes an entry into the United States with a fraudulently obtained visa does not acquire any lawful status in the United States. That person is just as deportable as one who had entered the United States without any documentation and who had enjoyed the benefits of residing in the United States." Finally, counsel asserts the director's finding that the applicant has maintained a lawful status since her entry is "overtly hostile to the purpose of IRCA."

The applicant first arrived in the United States at Anchorage, Alaska, on February 28, 1980, and was admitted for permanent residence, "P2-2," as an unmarried daughter of a lawful permanent resident. The Immigration and Naturalization Service records of the applicant indicate that she is under deportation proceedings because it appears she was not an "unmarried" daughter of a lawful permanent resident at the time she received her immigrant visa and at the time she entered the United States on February 28, 1980, since she married Quirino Salazar in Cainta, Rizal, the Philippines, on January 9, 1979. The immigration judge, by his order of June 26, 1986, found the applicant to be deportable and granted her the privilege of voluntary departure from the United States.

The issue raised in this case is when is an immigrant in an unlawful status for purposes of eligibility under section 245A of the Act.

Section 245A(a)(2)(A) states that "the alien must establish that he entered the United States before January 1, 1982, and that he has resided continuously in an *unlawful status since such date* and through the date the application is filed under this subsection." (Emphasis added.) If the alien entered as a nonimmigrant prior to January 1, 1982, the alien must establish that either his authorized stay expired before such date or the alien's "*unlawful status was known to the Government.*" Section 245A(a)(2)(B) of the Act (emphasis added).

The definition of the term "unlawful status" is the most critical aspect of this statutory requirement. Given the plain meaning of section 245A(a)(2) of the Act, it is clear that while nonimmigrants have to show their unlawful status was known to the Government, all other aliens, including immigrants, have to establish they were in an unlawful status as of January 1, 1982.

The term "unlawful status" is not defined in the statue. However, in the regulations implementing this provision the Service defined the meaning of "unlawful status . . . known to the government." 8 C.F.R. § 245a.1(d) (1988). These regulations state that an alien's unlawful status was known to the Government if, inter alia: (1) the Service had in its files sufficient information which showed the alien violated his nonimmigrant status; or (2) the Service made an affirmative determination prior to January 1, 1982, that the alien was subject to deportation proceedings. While this definition has been the subject of court litigation, the arguments in court have focused on the meaning of "known to the Government" and not on the term "unlawful status." See *Ayuda, Inc.* v. *Meese*, 687 F. Supp. 650 (D.D.C. 1988); *Farzad* v. *Chandler*, 670 F. Supp. 690 (N.D. Tex. 1987).

Unlike the requirements for nonimmigrants, the statute does not require that an immigrant's unlawful status had to be "known to the Government" as of January 1, 1982. Accordingly, an alien must only prove he was in an "unlawful status" as of January 1, 1982. Although the Service has not defined "unlawful status" for the purpose of determining eligibility for an alien who did not enter the United States as a nonimmigrant, it seems clear, in light of the statutory framework, that we must accord this term a definition that is consistent with how it is being applied to nonimmigrants. Our conclusion is based on the following reasons.

First, it is a well-established rule of statutory construction that "each part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole." 2A N. Singer, *Sutherland Statutory Construction* § 46.05 (4th ed. 1984). Here, we would do violence to the statute if the words "unlawful status" that appear in the same subsection of the statute were to be interpreted differently because they do not appear in the same paragraph. Harmony can only be preserved if these words are given consistent meaning. Second, an alien is "lawfully admitted for permanent residence" if he is admitted in "accordance with the immigration laws, such status not having changed." Section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (1982). An immigrant alien who is not admitted in accordance with the immigration laws has not been admitted lawfully. *Matter of T-*, 6 I&N Dec. 136 (BIA, A.G. 1954). Thus, the alien remains in an "unlawful status" in the United States subject to deportation proceedings. Third, the case law is settled that an immigrant alien who is found excludable at entry has not been lawfully admitted to the United States. See *Fedorenko* v. *United States*, 449 U.S. 490 (1981) (because the alien was not lawfully admitted to the United States,

he was ineligible for citizenship). Finally, it would be disingenuous for the Service to conclude that an alien is in the United States unlawfully for purposes of deportation proceedings, but lawfully in the United States for purposes of adjudicating his application for temporary resident status under section 245A of the Act.

Turning to the facts in this case, it is undisputed that an immigration judge found the applicant deportable on the ground her initial entry on February 28, 1980, was obtained by fraud. It is well settled that an alien who is excludable at entry does not acquire a lawful status. *In re Longstaff*, 716 F.2d 1439 (5th Cir. 1983) ("Admission is not lawful if it is regular only in form. The term 'lawfully' denotes compliance with substantive legal requirements, not merely procedural regularity. . . ."); *Monet v. INS*, 791 F.2d 752 (9th Cir. 1986); *Matter of T, supra* (the alien's entry was not lawful because he obtained an immigrant visa by fraud). Here, because the applicant was found excludable at entry on the ground of fraud, her status subsequent to that entry date has been unlawful.

Because the alien committed fraud at entry, a deportable offense the Attorney General can waive for the purpose of granting temporary resident status, this case is remanded to permit the applicant to apply for such waiver. 8 C.F.R. § 245a.2(k) (1988). If the waiver is denied, the applicant will be permitted to file an appeal without a fee to the Legalization Appeals Unit.

To the extent that our decision in this case is inconsistent with any of our prior decisions denying section 245A relief on the grounds that the alien was an immigrant in a lawful status, we will reopen sua sponte those denials pursuant to 8 C.F.R. § 103.5(b) (1988).

**ORDER:** The decision is withdrawn. The case is remanded for appropriate action and a decision consistent with the foregoing.