# In re Felipe GARCIA-Linares, Respondent

### File A36 651 939 - Seattle

### *Decided March 6, 1996*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

(1) Nunc pro tunc permission to reapply for admission, an administrative practice not expressly authorized by statute, is available only in the limited circumstances where a grant of such relief would effect a complete disposition of the case, i.e., where the only ground of deportability or inadmissability would be eliminated or where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissability.

(2) A grant of nunc pro tunc permission to reapply for admission is not available to a respondent who, in spite of such a grant, would remain deportable under sections 241(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B)(i) (1994), as a result of a drug-related conviction.

(3) An alien who returned to the United States following deportation with a visa, but without obtaining advance permission to reapply, is not eligible to apply for nunc pro tunc permission to reapply for admission in conjunction with an application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), because he is not independently eligible for the waiver as a result of his unlawful entry.

FOR RESPONDENT: Jay W. Stansell, Esquire, Seattle, Washington

BEFORE: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, and MATHON, Board Members. Dissenting Opinions: GUENDELSBERGER, Board Member, joined by SCHMIDT, Chairman; ROSENBERG, Board Member.

HOLMES, Board Member:

In a decision dated May 2, 1994, an Immigration Judge found the respondent deportable under sections 241(a)(1)(A), (2)(A)(iii), and (2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(1)(A), (2)(A)(iii), and (2)(B)(i) (1994). The Immigration Judge further determined that the respondent was ineligible for nunc pro tunc permission to reapply for admission after deportation, and pretermitted the respondent's request for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994). The respondent appealed, challenging only that portion of the Immigration Judge's decision

finding him ineligible for relief from deportation. The appeal will be dismissed.

## I. FACTUAL BACKGROUND

The principal facts of the case are not in dispute. The respondent is a native and citizen of Mexico who initially entered the United States without inspection in November 1975. That same year, he was granted voluntary departure by the Immigration and Naturalization Service and returned to Mexico. He reentered the United States once again without inspection in January 1976. He was arrested by the Service in June 1977 and was granted a period of voluntary departure through September 1977. The respondent married a United States citizen in June 1977. On the basis of that marriage, an immediate relative visa petition was approved on his behalf in July 1977. As a result, the Service granted the respondent a series of 6-month extensions of voluntary departure over the next 4 years. During this period, two children were born of the respondent's marriage. The respondent's last extension of voluntary departure expired on August 22, 1981.

In October 1981, the respondent was placed in deportation proceedings because he had never departed the United States voluntarily to regularize his status. At his deportation hearing, the respondent admitted deportability as charged and was granted the privilege of voluntarily departing from the United States until September 25, 1982, with an alternative order of deportation to Mexico. The respondent again failed to depart the United States by the specified deadline. He was sent a notice to report for deportation by certified mail at his last known address on November 2, 1982. He was ordered to report for deportation on November 30, 1982. The respondent failed to claim the notice of deportation from the post office and the letter was returned to the Service in December 1982.

The respondent thereafter left the United States and returned to Mexico. As a result of this departure, he was considered to have been "deported in pursuance of law" under section 101(g) of the Act, 8 U.S.C. § 1101(g) (1982). He proceeded to the United States embassy in Mexico City in February 1983 and received an immigrant visa on the basis of his marriage to the United States citizen. With this visa, he reentered this county on March 27, 1983, as a lawful permanent resident. However, the respondent never applied for advance permission to reenter the United States as required by section 212(a)(17) of the Immigration and Nationality Act, 8 U.S.C. § 1182 (a)(17) (1982).[1] He has continued to reside in this country ever since, although he and his wife were divorced in August 1983.

---

[1] At the time, section 212(a)(17) of the Act (now redesignated as section 212(a)(6)(B)) rendered inadmissible any previously-deported alien who, without permission, sought reentry, regardless of when his or her deportation or removal occurred. In its present form, section 212(a)(6)(B) of the Act renders inadmissible only those previously-deported aliens (other than

## II. CURRENT DEPORTATION PROCEEDINGS AND ISSUE

The respondent's status in this country would likely have remained unquestioned had he not brought himself to the Service's attention in 1994 by committing a crime. However, on April 7, 1994, he was convicted in the Superior Court for the State of Alaska at Kodiak, for the offense of misconduct involving a controlled substance (third degree), in violation of Alaska Statutes § 11.71.030(a)(1). The respondent received a sentence of 120 days in jail in addition to 3 years of probation. As a result of this conviction, the Service initiated deportation proceedings against him in September 1994.

The Service initially charged the respondent with deportability as an alien convicted of an aggravated felony and a controlled substance violation. On October 13, 1994, however, the Service lodged additional charges alleging that the respondent was deportable as one excludable at entry, both because he had not received advance permission to reapply for reentry and because he did not possess a valid entry document. *See* sections 241(a)(1)(A), 212(a)(6)(B), (7)(A)(i)(I), (7)(B)(i)(II) of the Act. The respondent was found deportable on these charges, and his deportability is not at issue on appeal.

By way of relief from deportation, the respondent sought nunc pro tunc, or retroactive, permission to reapply for admission to the United States and the opportunity to apply for a waiver of inadmissibility under section 212(c) of the Act. Opposing this request, the Service contended that nunc pro tunc permission to reapply for admission was not available to the respondent since a grant of such permission would not completely dispose of his case. Hence, the Service argued, without such a grant, the respondent never acquired the status of lawful permanent resident in 1983. Thus, he could not qualify for relief under section 212(c) of the Act. The Service asked the Immigration Judge to pretermit the respondent's application for section 212(c) relief.

The issue before the Immigration Judge was whether the respondent could concurrently request nunc pro tunc permission to reapply for admission after deportation and a waiver under section 212(c) of the Act. Confronted with this exact issue, the Board had ruled in an earlier unpublished decision that neither an Immigration Judge nor this Board had the authority to grant a respondent nunc pro tunc permission to reapply for admission to enable him to apply for a waiver under section 212(c).[2] Citing this previous unpublished Board decision, the Immigration Judge found the respondent ineligible for the relief. This appeal followed.

_____

those convicted of an aggravated felony) who seek admission without the required permission within 5 years of the date of deportation or removal. In the case of an alien convicted of an aggravated felony, this 5-year period has been extended to 20 years.

[2] As this prior case arose in Seattle before the same Immigration Judge and as the respondent in that case was also represented by the Northwest Immigrant Rights Project, the Immigration Judge and the parties were aware of and addressed this unpublished Board decision. *Matter of Perez-Gonzalez*, A72 149 152 (BIA Sept. 29, 1994).

## III.  PREVIOUS UNPUBLISHED BOARD DECISION

In this previous case, the Immigration Judge had relied on the Board's holding in *Matter of Roman*, 19 I&N Dec. 855 (BIA 1988), and concluded that he did not have the authority to grant the respondent nunc pro tunc permission to reapply for admission since the respondent remained deportable on the basis of his drug conviction. Consequently, the Immigration Judge had found the respondent statutorily ineligible for the waiver provided for in section 212(c) of the Act because he could not establish that his entry as a permanent resident was lawful.  *See Monet v. INS*, 791 F.2d 752 (9th Cir. 1986); *Matter of Longstaff*, 716 F.2d 1439 (5th Cir. 1983), *cert. denied*, 467 U.S. 1219 (1984); *see also Fedorenko v. United States*, 449 U.S. 490 (1981). The respondent in that case appealed, arguing that grants of nunc pro tunc permission to reapply and of relief under section 212(c) could be made concurrently, thus rendering the respondent eligible for both forms of relief and effecting a complete resolution of the case.  However, the Board affirmed the decision of the Immigration Judge. The same legal issues are raised in the present case, albeit under somewhat different factual circumstances.[3]

## IV.  NUNC PRO TUNC REQUESTS TO REAPPLY FOR ADMISSION

We note initially that there is no provision in the immigration laws that expressly authorizes nunc pro tunc permission to reapply for admission to cure an alien's failure to obtain such permission prior to reentry after deportation.  However, even prior to the enactment of the Immigration and Nationality Act of 1952, ch. 477, 66 Stat. 163, there had long been an administrative practice of granting such relief "in a few well-defined instances." *Matter of S-N-*, 6 I&N Dec. 73, 76 (BIA, A.G. 1954).  And, in 1954, the Attorney General ruled that there was no reason to reverse this practice following the enactment of the 1952 Act. *Id.*

Thus, Immigration Judges and this Board have long considered such requests for "relief." However, the instances in which such relief could be granted have been limited to those in which the grant would effect a complete disposition of the case, i.e., where "the only ground of deportability or inadmissability would thereby be eliminated" or where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissibility. *Matter of Ng*, 17 I&N Dec. 63, 64 (BIA 1979); *see also Matter of Roman, supra; Matter of Ducret,* 15 I&N

---

[3] For example, as noted by respondent on appeal, there is no evidence in this case of a "knowing, affirmative misrepresentation [by this respondent] in order to circumvent the need for advance permission to reapply." Moreover, the respondent's statement before the Immigration Judge and on appeal that this case presents greater equities is not challenged. These differences, however, are only significant if one reaches the issue of discretion.

Dec. 620 (BIA 1976); *Matter of Vrettakos*, 14 I&N Dec. 593 (BIA 1973; 1974), and cases cited therein; 8 C.F.R. §§ 3.1(d), 242.8(a) (1995).

It is the respondent's position that a grant of nunc pro tunc permission to reapply for admission after deportation is available to him since such a grant would eliminate all the grounds for which he was excludable at the time of his 1983 entry.

It is true that a grant of nunc pro tunc permission to reapply for admission would cure the respondent's "inadmissibility" at the time of entry and, hence, his deportability as an excludable alien. However, the authority of this Board and the Immigration Judges to grant such permission in deportation or exclusion proceedings, which in essence has been gleaned from the Act, is limited. As noted above, it has been extended *only* to instances where *all* established grounds of deportability or inadmissibility are eliminated. A grant of nunc pro tunc permission to reapply for admission in this case would not effect a complete disposition of the case because the respondent, in spite of such a grant, would remain deportable under sections 241(a)(2)(A)(iii) and (B)(i) of the Act. We believe our holdings in *Matter of Roman, supra; Matter of Ng-, supra; Matter of Ducret, supra;* and *Matter of Vrettakos, supra*, are controlling and require the denial of the respondent's request. *See Perez-Rodriguez v. INS*, 3 F.3d 1074 (7th Cir. 1993) (upholding this Board's interpretation of its authority to entertain applications for retroactive permission to enter the United States.)[4]

## V. CONCURRENT REQUESTS FOR RELIEF

In so concluding, we agree with the respondent that in other factual circumstances, aliens can apply for multiple forms of relief concurrently. The most recent example of this is *Matter of Sosa-Hernandez*, 20 I&N Dec. 758 (BIA 1993), a case upon which the respondent has relied, where an alien was permitted to apply for a waiver under former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1988), in conjunction with a waiver of inadmissibility under section 212(c) of the Act. In allowing the alien to do so, however, we specifically distinguished the case from *Matter of Roman, supra*, noting that, unlike Roman, who was attempting to "bootstrap" her eligibility for two forms of relief, Sosa-Hernandez was separately eligible for section 241(f) relief.[5]

---

[4] In his appeal brief, the respondent argues that *Matter of Ng, supra*, and *Matter of Vrettakos, supra*, are inapplicable to his case since those cases involved applications for advance permission to reapply for admission. In both cases, we also addressed the issue of when an Immigration Judge and this Board may grant an alien nunc pro tunc permission, and, therefore, these cases serve as precedent here.

[5] In *Matter of Roman, supra*, the alien was found ineligible for section 241(f) relief because she was not "otherwise admissible to the United States at the time of entry" due to her inadmissibility under section 212(a)(17) of the Act. She also was found ineligible for nunc pro tunc permission to reapply for admission due to her excludability at entry under section 212(a)(20) of the Act. This Board concluded that, since she could not qualify for either form of relief independently of the other, she could not establish combined eligibility for both forms of relief.

A second case cited by the respondent is *Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993), wherein the Board held that a section 212(c) waiver could be used in conjunction with an application for adjustment of status by an alien who was deportable for both drug and weapons offenses. We did not consider Gabreyelsky's concurrent requests governed by *Matter of Roman* since Gabreyelsky did not need to have his status adjusted to that of a lawful permanent resident to become eligible to apply for section 212(c) relief. Moreover, federal regulations specifically permit aliens to apply for the benefits of section 212(c) of the Act in tandem with an application for adjustment of status. *See* 8 C.F.R. § 245.1(e) (1995). *See generally* 8 C.F.R. § 242.17(a) (1995).

The respondent's reliance on *Matter of Millard*, 11 I&N Dec. 175 (BIA 1965), also is not controlling, as the applicant therein qualified for the two *statutory* waivers that she sought under former sections 212(g) and (h) of the Act, 8 U.S.C. §§ 1182(g) and (h) (1964), which together waived all grounds of excludability.[6] This was an exclusion case that did not (and could not) involve any separate grounds of deportability. *Cf. Matter of Ducret, supra*, at 623 ("In the event that an additional [deportation] charge is both lodged and established, the Immigration Judge will no longer have jurisdiction to grant the respondent's application.").

The respondent nevertheless maintains that he is eligible for nunc pro tunc permission to reapply for admission and for section 212(c) relief since, once nunc pro tunc permission is granted, the remaining charges arising from his drug conviction could be resolved by a grant of section 212(c) relief. A similar argument, however, was raised and rejected in *Matter of Roman, supra.*

In fact, the respondent here is attempting to bootstrap his eligibility for relief much as did the alien in *Matter of Roman, supra*. He is not eligible for relief under section 212(c) unless his entry in 1983 was lawful. That entry could only be considered lawful if he is granted nunc pro tunc permission to reenter. However, this latter form of "relief" is not specifically authorized by statute. It exists as a longstanding administrative practice permitted only in limited circumstances not present here. While it may be tempting to incrementally extend administrative authority, particularly as each small step appears a minor expansion from the last (but ultimately can lead to a finding that no rational basis exists not to provide eligibility for relief to all), we are not willing to do so here, where the remedy in question has no specific statutory underpinning.

---

[6] Following this decision, sections (g) and (h) of section 212 of the Act were redesignated as sections (h) and (i), respectively. Section 15(c) of the Immigration Act of October 3, 1965, Pub. L. No. 89-236, 79 Stat. 883, 893.

## VI.  ADDITIONAL ARGUMENTS REGARDING NUNC PRO TUNC PERMISSION TO REAPPLY FOLLOWING DEPORTATION

In a related argument, the respondent complains that by denying him the opportunity to apply for section 212(c) relief, we are in effect violating his rights to due process and equal protection under the law. The respondent submits that he is being treated differently from those aliens in, *e.g., Matter of Sosa-Hernandez, supra; Matter of Gabryelsky, supra;* and *Matter of Millard, supra*, who were able to apply for concurrent remedies in the course of their hearings.  However, this argument presupposes that the respondent and these other aliens are similarly situated.  For the reasons we have discussed above, such is not the case. Moreover, if the narrowly applied, administratively created practice of nunc pro tunc permission to reapply for admission after deportation were found to result in equal protection violations, then at least some consideration would have to be given to ending this practice rather than extending it further.

The respondent also urges that he should be treated like other previously deported, longtime residents facing deportation on drug-related charges, who sought and were accorded advance permission to reapply *prior* to being convicted of "a deportable conviction."  He argues that such aliens are allowed to apply for section 212(c) relief and that there "is no legitimate interest or rational basis in distinguishing between longtime residents of the United States based on whether they apply for nunc pro tunc permission prior, or subsequent, to another deportable ground arising."  However, the fact that an alien has committed a crime and the timing of such a crime can be determinative under the Act.  *See, e.g.,* section 241(a)(2)(A)(i) of the Act. The respondent's argument in this regard really is not materially different from the assertion that, if he had applied for and received advance permission to reenter prior to his admission in 1983, he would not be in his present predicament.

The respondent also states that the Service kept him ignorant of his "excludability" for 11 years, and that had he known that his status as a lawful permanent resident was in question he would have requested nunc pro tunc permission to reapply for admission long ago.  It is not within the jurisdiction of this Board, however, to review the wisdom of the Service's decision whether or when to issue an Order to Show Cause. *See Lopez-Telles v. INS*, 564 F.2d 1302 (9th Cir. 1977); *Matter of Quintero*, 18 I&N Dec. 348 (BIA 1982); *Matter of Geronimo*, 13 I&N Dec. 680 (BIA 1971). In any event, there is no evidence that the Service was actually aware of the respondent's deportability before his conviction brought him to the Service's attention or that the Service intentionally elected to "withhold" this information from him.  The Service certainly was not aware that the respondent was going to commit a crime, which is the reason he is in his present difficulty. The respondent cannot fairly lay responsibility for this at the feet of the Service.

The respondent finally argues that fundamental fairness dictates that his status as a lawful permanent resident should not be vulnerable to challenge indefinitely. However, there is no "statute of limitations" in deportation proceedings. *Biggs v. INS*, 55 F.3d 1398, 1401 (9th Cir. 1995); *see also Monet v. INS, supra; Oloteo v. INS*, 643 F.2d 679 (9th Cir. 1981); *Ubiera v. Bell*, 463 F. Supp. 181, 185 (S.D.N.Y. 1978); *Matter of S-*, 9 I&N Dec. 548 (BIA 1961; A.G. 1962).

## VII. INELIGIBILITY FOR RELIEF UNDER SECTION 212(c)

Eligibility for relief under section 212(c) of the Act requires the respondent to have been lawfully admitted for permanent residence. *See* section 212(c) of the Act; *Castillo-Felix v. INS*, 601 F.2d 459 (9th Cir. 1979); *Matter of T-*, 6 I&N Dec. 136 (BIA, A.G. 1954). Had the respondent obtained advance permission to reapply for admission, he would presently be eligible to apply for section 212(c) relief. However, he did not do so and the immigrant visa that enabled him to enter the United States in 1983 was not properly issued as the result of this failure. *See* sections 101(a)(16), 212(a)(17) of the Act, 8 U.S.C. §§ 1101(a)(16), 1182(a)(17) (1982). Thus, the respondent was never "lawfully" accorded the privilege of residing permanently in the United States as an immigrant, and he is therefore ineligible for relief under section 212(c) of the Act. *See* section 101(a)(20) of the Act. *Matter of Wong,* 14 I&N Dec. 12 (BIA 1972), *aff'd sub nom. Lai Haw Wong v. INS*, 474 F.2d 739 (9th Cir. 1973); *Matter of T-, supra; see also Matter of S-*, 19 I&N Dec. 851, 854 (Comm. 1988). Accordingly, the appeal must be dismissed.

**ORDER:** The appeal is dismissed.

*DISSENTING OPINION*: John W. Guendelsberger, Board Member, in which Paul W. Schmidt, Chairman, joins

I respectfully dissent.

The majority opinion precludes the consideration of nunc pro tunc[1] (retroactive) permission to reapply for admission after deportation in conjunction with a request for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994). I agree with the majority opinion insofar as it states that such permission to reapply for admission may be granted retroactively only where the grant would completely dispose of a case. However, I disagree with the majority that this is not such a case. I agree with Board Member Lory D. Rosenberg's dissent.

A retroactive grant of permission to reapply for admission after deportation combined with a section 212(c) waiver would completely dispose of this case. Allowing such concurrent applications is the simplest, most practical,

---

[1] Nunc pro tunc ("now for then") is a "phrase applied to acts allowed to be done after the time they should be done, with a retroactive effect, *i.e.,* with the same effect as if regularly done." Black's Law Dictionary 1069 (6th ed. 1990).

and fairest approach. It would allow us to decide the case of this deportable lawful permanent resident after a full consideration of all the positive and negative factors.

## I. AUTHORITY TO GRANT RETROACTIVE RELIEF

In the interests of justice, this Board has long granted nunc pro tunc permission to reapply for admission to cure an alien's failure to have requested and received permission to reapply for admission after having been deported. Immigration Judge and Board authority to grant such nunc pro tunc relief is derived from the language of 8 C.F.R. § 3.1(d) (1995), which confers the power to exercise "such discretion and authority conferred upon the Attorney General and by law as is appropriate and necessary for the disposition of the case." In this case, the consideration of nunc pro tunc permission to reapply is both "appropriate and necessary" to a fair and just disposition of the case. In addition, a review of Board precedents related to this issue indicates that a grant of nunc pro tunc permission to reapply is appropriate in the instant case.

## II. PRIOR BOARD PRECEDENTS CONFIRM THE AUTHORITY TO GRANT NUNC PRO TUNC PERMISSION TO REAPPLY IN A RANGE OF SITUATIONS

In *Matter of S-N-*, 6 I&N Dec. 73 (BIA, A.G. 1954), the Board found (and the Attorney General agreed) that Immigration Judges and the Board have the authority to rule on an application for nunc pro tunc permission to reapply for admission to remove the ground of inadmissibility caused by inadvertent failure to obtain such permission in advance (former section 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17) (1952)). The Board noted that "it is a basic concept of the Board's appellate jurisdiction that it must do complete justice for the alien in a given case, and therefore, must take any action necessary to dispose of the particular case." *Id*. at 75.

The only ground of exclusion at issue in *Matter of S-N-* was section 212(a)(17). In a number of subsequent decisions, however, nunc pro tunc permission to reapply for admission has been afforded in cases involving additional grounds for exclusion or deportation in combination with various forms of discretionary relief. For example, the Board, in granting retroactive permission to reapply for admission, has also found that such permission precluded the derivative charge under former section 212(a)(20) of the Act, 8 U.S.C. § 1182(a)(20) (1976), that the applicant lacked valid immigration papers. *Matter of Martinez*, 15 I&N Dec. 563 (BIA 1976).

In fact, when faced with the same issue as in the instant case, the Board has granted nunc pro tunc permission to reapply for admission after deportation in conjunction with section 212(c) relief. *Matter of Farinas,* 12 I&N Dec. 467 (BIA 1967) (nunc pro tunc permission to reapply combined with waiver of passport, immigrant visa, reentry permit, or other documentation

requirements under section 211(b) of the Act, 8 U.S.C. § 1181(b) (1964), in conjunction with a waiver of excludability under section 212(c)). *See also Matter of Rapacon*, 14 I&N Dec. 375 (R.C. 1973) (combining nunc pro tunc permission to enter with application for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1970)).

In *Matter of Vrettakos*, 14 I&N Dec. 593, 599 (BIA 1973, 1974), this Board explained that it would limit nunc pro tunc permission to reapply for admission to situations in which such a step would be "appropriate and necessary for the disposition of the case."Vrettakos, who had entered as a crewman, sought nunc pro tunc permission to reapply for admission combined with the discretionary relief of adjustment of status under section 245 by virtue of his marriage to a United States citizen. Because of his status as an alien crewman, however, Vrettakos was ineligible for adjustment of status; nor was any other form of discretionary relief available. The Board concluded that "[h]ence, the grant of *nunc pro tunc* permission [to reapply for admission] . . . would not in any way affect his deportability, render him nondeportable, *or permit termination of the proceedings by allowing him to avail himself of discretionary relief from deportation." Id*. at 597-98 (second emphasis added).

The above-quoted language in *Matter of Vrettakos, supra*, suggests that consideration of nunc pro tunc permission to enter is "appropriate and necessary for complete disposition" of a case whenever that step would make available discretionary relief from deportation which could dispose of all grounds for exclusion or deportation. In the instant case, nunc pro tunc permission to reapply for admission would permit termination of the proceedings by allowing the respondent to avail himself of section 212(c) discretionary relief. Under the rationale of the cases discussed above, a grant of nunc pro tunc relief in the instant case is "appropriate and necessary" to completely dispose of the case.

## III.  THE MAJORITY HAS MISCONSTRUED MATTER OF VRETTAKOS

The majority focuses upon language in *Matter of Vrettakos, supra*, specifying two situations which fit the criteria for nunc pro tunc permission to reapply for admission and rules that these two examples are the only situations in which such permission may beconsidered.[2] In light of the Board decisions cited above and the general rule articulated in *Matter of Vrettakos*, it is clear that these two examples were not meant to be the only situations in which nunc pro tunc permission could be considered.

---

[2] The Board provided the following examples: "(1) the sole ground of deportability is under section 241(a)(1) of the Act, as an alien excludable at entry under section 212(a)(17) for reentering the United States after deportation without first procuring the permission of the Attorney General; or (2) who seemingly qualified for adjustment of status under section 245 of the Act, except for his inadmissibility as an alien who was deported." *Matter of Vrettakos, supra,* at 600.

The majority mistakenly treats what were meant as examples of situations in which nunc pro tunc relief could lead to complete disposition of the case as the universe of situations in which nunc pro tunc relief may be afforded. These two examples were repeated as dicta in three subsequent decisions by the Board. *Matter of Roman,* 19 I&N Dec. 855 (BIA 1988); *Matter of Ng*, 17 I&N Dec. 63 (BIA 1979); *Matter of Ducret*, 15 I&N Dec. 620 (BIA 1976). None of these cases held that these examples are the only situations in which nunc pro tunc permission to reapply for admission is appropriate. Nor were any of these cases dispositive of the issue currently before the Board.

*Matter of Ducret, supra*, was a case in which the only ground for deportation was section 212(a)(17). This decision did not involve the combination of nunc pro tunc relief with any other form of discretionary relief. Therefore, the reference to the two examples in *Matter of Vrettakos, supra*, was unnecessary to the decision.

*Matter of Ng, supra*, is completely distinguishable from the instant case. The applicant in that case faced exclusion, not for having violated the advance permission requirement of section 212(a)(17) of the Act, but for having entered without proper documents under then section 212(a)(20). The Immigration Judge found the alien deportable, but purported to grant the applicant *advance* permission to reapply for admission following deportation. The Board found that such an *anticipatory* grant of permission to reapply was beyond the authority of the Immigration Judge. Since the issue of exclusion under section 212(a)(17) was not before the Immigration Court, it could not be resolved until the applicant was deported and reapplied for admission. Nonetheless, in *Matter of Ng* the Board went on to repeat the two examples cited in *Matter of Vrettakos, supra*, as examples of situations in which nunc pro tunc relief could be granted.

## IV. THE RESPONDENT DOES NOT SEEK TO "BOOTSTRAP"

In *Matter of Roman, supra*, the Board considered whether nunc pro tunc permission to reapply could be combined with discretionary relief under the waiver pursuant to the former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1988), for fraud or misrepresentation in gaining entry. The respondent in *Roman*, however, was situated quite differently from the respondent in the instant case. In *Roman*, the respondent entered not only without Attorney General permission but by deliberately concealing his prior deportation.[3] A grant of nunc pro tunc permission to reapply would not have led to complete disposition of the case since the respondent was not in possession of a valid

---

[3] *Matter of Perez-Gonzalez*, A72 149 152 (BIA Sept. 29, 1994), an unreported Board decision referred to by the majority, also involved deliberate concealment of a prior conviction. As the majority notes, the Immigration Judge found no evidence in the instant case of a knowing, affirmative misrepresentation by the respondent in order to circumvent the need for advance permission to reapply, and the respondent was not charged with deportability for fraud or misrepresentation.

unexpired immigrant visa (having engaged in deliberate fraud and misrepresentation at time of entry by presenting an invalid Alien Registration Receipt Card). Nunc pro tunc permission to reapply could not be granted independent of section 241(f) relief and section 241(f) relief could not be afforded independent of nunc pro tunc permission to apply. Therefore, nunc pro tunc permission to reapply would have accomplished nothing toward complete disposition of the case without bootstrapping the section 241(f) waiver for fraud into the determination of the nunc pro tunc issue. This bootstrapping aspect of combining relief is what the Board found objectionable in *Matter of Roman, supra*, where we stated: "We do not find that the respondent can 'bootstrap' eligibility from one waiver to the other where she is not separately eligible for either." *Id.* at 860.

On the other hand, the respondent in the instant case possessed valid entry documents and, but for the failure to apply for advance permission to enter, made a valid entry as a permanent resident. The grant of nunc pro tunc relief in the instant case would cure not only the failure to seek advance permission, but also any issue as to the validity of the entry documents stemming from such failure. No bootstrapping is required, as it was in *Matter of Roman, supra*, in regard to the question of valid entry documents. A grant of nunc pro tunc relief in the instant case would afford the respondent the status of a lawfully admitted permanent resident eligible for section 212(c) relief.

## V. NUNC PRO TUNC CONSIDERATION IS CONSISTENT WITH RECENT BOARD PRECEDENTS

In contrast to the majority's narrow ruling on nunc pro tunc relief, I adopt the approach initially formulated over 2 decades ago which permits nunc pro tunc permission to reapply whenever that step would lead to the complete disposition of the case by "allowing the [respondent] to avail himself of discretionary relief from deportation." *Matter of Vrettakos, supra*, at 598. Such an approach is consistent with the approach used in *Matter of Sosa-Hernandez*, 20 I&N Dec. 758 (BIA 1993); *Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993); and *Matter of Millard*, 11 I&N Dec. 175 (BIA 1965). Each of these cases permits the combination of waiver applications in one proceeding. I see no reason to preclude combination of nunc pro tunc permission to reapply for admission with section 212(c) relief when such relief would lead to the complete disposition of the case.[4]

---

[4] If the respondent is undeserving of either form of relief, it may certainly be denied in the exercise of discretion at either step. That there is jurisdiction to entertain an application for retroactive permission to reapply does not end the inquiry or conclude the proceedings, "because a question as to the exercise of discretion remains. As with other forms of discretionary relief, an alien respondent bears the burden of showing that he merits a favorable exercise of discretion on an application for permission to reapply for admission. Evidence indicating that a respondent would be otherwise deportable or inadmissible can be considered

The primary difference between this respondent and the many other section 212(c) applicants whose applications we consider on the merits is that this respondent "self-deported" prior to appearing for his visa interview at the United States consulate and did not inform the consul of his self-deportation (assuming he was even aware that his departure was considered a "deportation"). I have difficulty concluding that this difference should preclude a full consideration of the merits of the respondent's section 212(c) application. *Cf. Yeung v. INS*, 61 F.3d 833 (11th Cir. 1995), *modified*, 72 F.3d 843 (11th Cir. 1996); *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976) (cautioning that distinctions should be related to a legitimate governmental interest).

Only a very few applicants may be affected by this decision, but it will have a profound effect on those aliens. The respondent has resided in this country as a permanent resident since the 1983 entry and has United States citizen children. Nunc pro tunc relief in the instant case is certainly within the authority of the Board and "appropriate and necessary" to the just disposition of the case.

## VI. CONCLUSION

For the foregoing reasons, I would consider the respondent's concurrent applications for permission to reapply after deportation and section 212(c) relief on the merits. *Cf. Matter of Gabryelsky, supra*. This action would completely dispose of the respondent's case. I therefore respectfully dissent from the majority's holding that consideration of these combined forms of relief is unavailable to this respondent.

*DISSENTING OPINION*: Lory D. Rosenberg, Board Member

I respectfully dissent.

I join fully with dissenting Board Member John W. Guendelsberger and Chairman Paul W. Schmidt. Our authority to grant nunc pro tunc relief is derived both from 8 C.F.R. § 3.1(d) (1995) and our own precedent cases and is not in dispute. I agree that our consideration and grant of a request for permission to reapply for admission, nunc pro tunc, together with the consideration and grant of a waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), would, for the reasons stated in their dissent, dispose of the matter before us. *Matter of Vrettakos*, 14 I&N Dec. 593, 598 (BIA 1974). Further, I agree that our decision in *Matter of Vrettakos* specifically contemplates the exercise of our nunc pro tunc powers in matters where discretionary relief is available and would allow us to dispose of the matter. I conclude, in agreement with the dissenting members, that our concurrent consideration of requests for permission to reapply for admission and for relief pursuant to section 212(c) of the Act in this case is

by the immigration judge on the question of discretion, even if the Service specifically declines to charge the respondent in this regard." *Matter of Ducret, supra*, at 622.

"appropriate and necessary," as it overcomes all the impediments to the respondent's continuing to remain with his wife and children in the United States in lawful permanent resident status.

I write separately only to articulate an additional point of dissent from the position taken by the majority. In addition to those points raised and discussed by dissenting Board Member Guendelsberger and Chairman Schmidt, my disagreement with the majority's reasoning and conclusion is twofold.

First, I believe that the majority has misconstrued our holding in *Matter of Sosa-Hernandez*, 20 I&N Dec. 758 (BIA 1993). Second, I conclude that the majority has departed from our holding in *Matter of Sosa-Hernandez* without explanation or reason.

In *Matter of Sosa-Hernandez, supra*, the Board found that a waiver of deportability under former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1988), now section 241(a)(1)(H) of the Act, 8 U.S.C. § 1251(a)(1)(H) (1994), waives "not only the exclusion ground, but also waives the underlying fraud." *Id*. at 760; *see also Matter of Manchisi*, 12 I&N Dec. 132 (BIA 1967); Immigration and Naturalization Service Operations Instructions 318.5 (nondeportable alien under section 241(f) is cleared of illegality which attached to his visa and entry). Rejecting the Immigration and Naturalization Service's argument that the respondent in *Sosa-Hernandez* was seeking to "bootstrap" eligibility from one waiver to another in a fashion similar to that addressed in *Matter of Roman,* 19 I&N Dec. 855 (BIA 1988), the Board concluded that Sosa-Hernandez was "*separately eligible* for a section 241(f) waiver to waive deportability under section 241(a)(1) of the Act." *Matter of Sosa-Hernandez, supra*, at 763 (emphasis added). The Board reasoned there that unlike the alien in *Matter of Roman*, the respondent was otherwise admissible "at the time of entry" to the United States, but for reasons which were the direct result of the respondent's fraud or misrepresentation. *Id*. at 763. In that case, the respondent required a section 212(c) waiver on account of a violation of the Act occurring almost a decade after the respondent's admission, albeit fraudulent at the time, to the United States. The Board held that this fact pattern did *not* constitute the "bootstrapping" of waivers disfavored in *Roman* and reasoned that concurrent applications for relief would resolve the case and were permissible.

The respondent in the case before us is "otherwise admissible," but for reasons which were a direct result of his failing to obtain advance permission to reapply for admission before his lawful entry in 1983 as a permanent resident based upon his spouse's petition. This respondent departed and was considered to have been deported "in pursuance of law" under section 101(g) of the Act, 8 U.S.C. § 1101(g) (1982). Consequently, he required permission to reapply for admission under former section 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17) (1982), and he is "separately eligible" for such relief. Unlike the respondent in *Matter of Sosa-Hernandez, supra*, his entry was lawful and not tarnished by fraud; he needed only permission to have undertaken his

lawful entry before the passage of the 5-year bar to admission which attached as the result of his prior deportation. Like the respondent in *Sosa-Hernandez*, he requires a section 212(c) waiver as the result of acts occurring sometime after his entry as a lawful permanent resident.

In *Sosa-Hernandez*, we concluded that "the immigration judge's grant of a section 241(f) waiver to the respondent retroactively validated the lawful permanent resident status" accorded him in 1974. *Matter of Sosa-Hernandez, supra*, at 763. In this case, a grant of permission to reapply would retroactively, or nunc pro tunc, validate the respondent's lawful permanent resident status.

I can see no meaningful difference, nor has the majority identified one, between the analysis in that case and a consistent analysis in this one. Nor has the majority offered any rationale distinguishing or explaining why a retroactive grant of section 241(f) relief to overcome a fraudulent entry should be treated as more justified or justifiable than a nunc pro tunc grant of permission to reapply for admission to overcome a prior deportation. In one case the retroactive waiver is "forgiving" the fraud surrounding the entry itself which was unlawful; in the other, the nunc pro tunc "permission" is removing the bar of a prior deportation from an entry which is otherwise lawful. Each situation is similarly distinguishable from that in *Matter of Roman, supra*, in which there existed two threshhold impediments to the lawfulness of the initial entry, and, therefore, permission to reapply *and* a section 241(f) waiver were required and had to be sought together solely to validate the respondent's status as a lawful permanent resident.

In my view, our decision in *Matter of Sosa-Hernandez* allows concurrent applications for relief from deportation in situations such as this one, in which the grant of an application relates back to render an earlier entry as a lawful permanent resident a lawful one, thus making a respondent having 7 years of lawful unrelinquished domicile eligible to apply for section 212(c) relief. Such reasoning has been committed to precedent and I would find it to be controlling here. Our determination in this case should be no different from that in *Matter of Sosa-Hernandez*. Consequently, I would conclude that a grant of nunc pro tunc permission to reapply is appropriate, necessary, and warranted.