**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1039**

JENNY FAJARDO-BANIA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States of America,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A70-304-747)

Submitted:  November 30, 2006          Decided:  January 22, 2007

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Joseph Peter Drennan, Alexandria, Virginia; Paul Shearman Allen,
PAUL SHEARMAN ALLEN & ASSOCIATES, Washington, D.C., for Petitioner.
Peter D. Keisler, Assistant Attorney General, James E. Grimes,
Senior Litigation Counsel, Sarah Maloney, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jenny Fajardo-Bania, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's decision finding her deportable as charged, denying her waivers of inadmissibility, and denying adjustment of status under 8 U.S.C. § 1255(i) (2000). Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

The federal immigration statutes clearly state that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C.A. § 1252(d)(1) (West 2005). When Congress has statutorily mandated exhaustion, that requirement must be enforced. Kurfees v. INS, 275 F.3d 332, 336 (4th Cir. 2001). This court has held that it lacks jurisdiction to consider an argument not made before the Board. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 359 n.2 (4th Cir. 2006) (citing Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004)). Our review of the briefs and administrative record demonstrates that Fajardo-Bania failed to exhaust all but one of her claims on appeal by failing to argue them to the Board. Accordingly, we are without jurisdiction to review all her claims with the following exception.

Fajardo-Bania did argue to the Board that the immigration judge erred in finding her ineligible for an I-212 waiver, which allows readmission to the United States after deportation. Therefore, we have jurisdiction to review this claim. However, we conclude the immigration judge was correct in its statement that a nunc pro tunc I-212 waiver of an immigrant's failure to apply for admission can be granted only if such a waiver will cure the only ground for inadmissibility. <u>Matter of Garcia-Linares</u>, 21 I. & N. Dec. 254, 257-58 (B.I.A. 1996). Here, even if she received such a waiver, Fajardo-Bania would remain deportable under § 1182(a)(6)(C)(i), (ii). <u>See</u> <u>Matter of Balderas</u>, 20 I. & N. Dec. 389, 391 (B.I.A. 1991) (holding that I-212 waiver does not eliminate or pardon convictions). Therefore, she is entitled to no relief on this claim.

Accordingly, we deny Fajardo-Bania's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>