HAWKINS, Senior Circuit Judge,
dissenting:
I respectfully dissent. Had the Board denied Rojas-Maldonado relief under former INA § 212(c) solely because he committed fraud in obtaining a visa, I would join my colleagues in remanding this matter for application of the proper mens rea standard for fraud. It did not. The Board denied relief on a valid ground independent of the issue of fraud.
An applicant is only eligible for § 212(c) relief if he is “lawfully admitted,” Monet v. I.N.S., 791 F.2d 752, 753 (9th Cir.1986), and has accumulated seven years of lawful domicile in the United States. See United States v. Lopez-Velasquez, 629 F.3d 894, 898 (9th Cir.2010). Rojas was excludable when he entered the United States in 1983 under 8 U.S.C. § 1182(a) (1982) because he had been déported in December 1977 and both entered the United States and applied for LPR status less than five years later without permission. As a result, independent of fraud, Rojas was not lawfully admitted and had not begun accruing years of lawful domicile for purposes of *567 § 212(c) relief. The Board correctly denied relief on this basis.
The majority remands this case because the Board’s holding “depended on its conclusion that [Rojas] was ineligible for a fraud waiver.” This view is technically correct but it does not comprehensively depict the Board’s holding. That Rojas was “not a lawful permanent resident as of the date of his entry and [ ] did not accrue 7 years of lawful permanent residence” hinges on fraud waiver eligibility and the unlawful reentry. Although the unlawful reentry bars a fraud waiver, making it technically correct that the holding “depended” on Rojas’ ineligibility, it is equally valid that the holding “depended” on the unlawful reentry.
On this point, the majority is silent. The Board correctly determined that the unlawful reentry made Rojas excludable. The majority takes issue not with this finding, but rather the Board’s failure to apply the proper mens rea test for fraud. While it is true that the Board did not explain or apply this test, such an omission does not constitute error or was, at most, harmless error because a fraud waiver is only available if an applicant is otherwise admissible, 8 U.S.C. § 1251(a)(l)(H)(ii) (1992), and Rojas was not. Thus, a fraud waiver was not viable, and the Board had no reason to engage in a lengthy discussion of Rojas’ mental state when he applied for a visa.[1]
An independent ground renders Rojas unable to meet the requirements of § 212(c) relief.

. An immigration judge cannot grant nunc pro tunc waivers to cure an unlawful entry ground of excludability in conjunction with an application for 212(c) relief. In re Garcia-Linares, 21 I. & N. Dec. 254, 258 (BIA) (1996). So, even if the Board had not considered eligibility for a nunc pro tunc waiver if Rojas had not committed the fraud, it would not have erred because Rojas remained de-portable for the aggravated felony. Nor was it error for the Board to fail to consider a waiver not available under its precedent. The majority’s argument that the Board did not consider the eligibility seems at least debatable. The Board cited the IJ’s express determination that García-Linares “discusses the fact that an individual who was deported and who enters with a visa later cannot file a nunc pro tunc request for a waiver under the 1-212 form and a 212(c) waiver application together.” The IJ did not expressly deny the waiver, but certainly appears to have considered the possibility.