MATTER OF NG

In Exclusion Proceedings

A-20820915

*Decided by Board July 24, 1979*

(1) The immigration judge and the Board have the power in either exclusion or deportation proceedings to grant nunc pro tunc permission to reapply for admission following deportation when the grant will effect a complete disposition of the case.

(2) Where an alien was found inadmissible in exclusion proceedings, an immigration judge did not have the power to grant him advance permission to reapply for admission after exclusion and deportation.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20), I&N Act (8 U.S.C. 1182(a)(20))—Immigrant not in possession of a valid unexpired immigrant visa

ON BEHALF OF APPLICANT:
Steven Singer, Esquire
Barst & Mukamal
127 John Street
New York, New York 10007

ON BEHALF OF SERVICE:
James W. Grable
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated February 2, 1978, an immigration judge found the applicant excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), as an immigrant without a valid unexpired immigrant visa or other valid entry document and ordered him excluded and deported from the United States. The immigration judge contemporaneously granted the applicant advance permission to reapply for admission following deportation,[1] conditioned upon the applicant's prompt filing of an application for such permission and his reapplying for admission, following his departure from this country, in possession of an immigrant visa.[2]

---

[1] Pursuant to section 212(a)(16) of the Act, 8 U.S.C. 1182(a)(16), an alien who has been excluded and deported is barred from reentering the United States for one year following deportation unless he secures permission to reapply for admission prior to the expiration of that one-year period.

[2] The trial attorney correctly noted in his brief that approval of an application for advance permission to reapply shall be conditioned upon the alien's departure from the

The Service has appealed from the portion of the immigration judge's decision which granted the applicant advance permission to reapply for admission on the ground that an immigration judge is without authority to entertain an application for such relief in an exclusion proceeding. Excludability is not at issue. The appeal will be sustained.

An immigration judge's authority in exclusion proceedings is set forth as follows in 8 C.F.R. 236.1:

> In determining cases referred for further inquiry as provided in section 235 of the Act, immigration judges shall have the powers and authority conferred upon them by the Act and this chapter. Subject to any specific limitation prescribed by the Act and this chapter, immigration judges shall also exercise the discretion and authority conferred upon the Attorney General by the Act *as is appropriate and necessary for the disposition of such cases.* (Emphasis added.)

We have held that immigration judges and the Board on review have the power to grant permission to reapply for admission retroactively where such action is necessary for the complete disposition of the case. *See Matter of S—N—*, 6 I&N Dec. 73 (BIA 1954; A.G. 1954); *Matter of Vrettakos*, 14 I&N Dec. 593 (BIA 1973 and 1974); *Matter of Ducret*, Interim Decision 2483 (BIA 1976); 8 C.F.R. 242.8(a) and 3.1(d). *See also Matter of Martinez*, 15 I&N Dec. 563 (BIA 1976). *Cf. Matter of Millard*, 11 I&N Dec. 175 (BIA 1965); *compare Matter of De—G—*, 8 I&N Dec. 325 (BIA 1959; A.G. 1959). Two situations have been identified in which that power may be exercised by the immigration judge and the Board: (1) where the only ground of deportability or inadmissibility would thereby be eliminated; and (2) where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissibility. *Matter of Ducret, supra.*

Likewise, absent an express grant of authority in the statute or the regulations,[3] before jurisdiction to adjudicate an application for *advance* permission to reapply for admission may vest in the immigration judge, it must be shown that approval of the application would conclude the proceedings before him. Such showing is not possible in cases involving applications for advance permission to reapply presented to an immigration judge in the course of an exclusion hearing.[4]

---

United States and not otherwise conditioned or limited. 8 C.F.R. 212.2(i).

[3] Applications for permission to reapply for admission following deportation, nunc pro tunc and contemporaneous as well as advance, lie primarily within the jurisdiction of the District Director with review by the Regional Commissioner. 8 C.F.R. 212.2(f); 8 C.F.R. 103.1(m)(7).

[4] The regulations explicitly preclude an alien in *deportation* proceedings from applying to the immigration judge for advance permission to reapply. 8 C.F.R. 212.2(g); *Matter of Vrettakos, supra.*

A grant of advance permission to reapply for admission does not permit termination of the proceedings or in any manner affect the execution of an exclusion order. On the contrary, an alien must depart the United States before he may benefit from a favorable disposition of his application. The grant of advance permission merely assures an excludable alien, *prior* to his departure, that he will not be required to remain abroad for the prescribed one-year period following his exclusion and deportation before seeking reentry into the United States.

We have considered the arguments advanced by counsel and find them unpersuasive. We accordingly hold that the immigration judge lacks jurisdiction in these exclusion proceedings to consider the applicant's request for advance permission to reapply for admission. The following orders will be entered.

ORDER: The appeal is sustained.

FURTHER ORDER: So much of the order of the immigration judge as purports to grant, or grant conditionally, an application for permission to reapply for admission to the United States after deportation is disapproved and set aside for lack of jurisdiction.

FURTHER ORDER: The order that the applicant be excluded and deported from the United States is affirmed.