**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENG ZHAO, | No. 08-74176 |
| Petitioner, | Agency No. A096-497-434 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Feng Zhao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), a waiver under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1182(i) ("section 212(i) waiver"), and adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, including adverse credibility determinations. *Zamanov v. Holder,* 649 F.3d 969, 973 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination on the basis of the omission from Zhao's asylum application and testimony to an asylum officer that four police officers held him down and forcibly removed his Falun Gong tattoo while he was in custody. *See id*. ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The agency reasonably rejected Zhao's explanation for the omission. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zhao's CAT claim is made on the basis of the same testimony the agency found not credible, and Zhao does not point to any other evidence that would compel a finding that it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id.* at 1157.

We lack jurisdiction to review the agency's denial of Zhao's section 212(i)

waiver. *See* 8 U.S.C. § 1182(i)(2); *Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010). Further, we lack jurisdiction to consider Zhao's unexhausted contention that it was not necessary for him to seek a section 212(i) waiver. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**