**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUNG NGOC HOANG, a.k.a. Nghia Van Le; KIM HUE THI AU, a.k.a. Minh Thien Thi Nguyen, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73133 <br><br> Agency Nos. A098-251-990 <br> A098-251-991 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Hung Ngoc Hoang and Kim Hue Thi Au, natives and citizens of Vietnam,

petition for review of the Board of Immigration Appeals' ("BIA") order sustaining

the government's appeal from an immigration judge's ("IJ") decision granting their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for a waiver under 8 U.S.C. § 1182(i). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's denial of Hoang's application for discretionary relief under 8 U.S.C. § 1182(i). *See* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B)(i); *Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010). To the extent Hoang argues that the BIA violated his constitutional rights by denying his application for a waiver under 8 U.S.C. § 1182(i), Hoang has not shown that he is similarly situated to Huynh. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons.")

In their opening brief, petitioners fail to raise, and therefore have waived, any challenge to the BIA's denial of Au's application for relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**