**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOCHEATA CHAING, | No. 11-73414 |
| Petitioner, | Agency No. A095-195-547 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Socheata Chaing, a native and citizen of Cambodia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for adjustment

of status and finding that she had filed a frivolous asylum application.  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency properly determined that Chaing is inadmissible to the United States because she willfully misrepresented that she was a member of the Cambodian Freedom Fighters in her asylum application and before the asylum officer to obtain an immigration benefit. *See* 8 U.S.C. § 1182(a)(6)(C)(i).

We lack jurisdiction to review the agency's discretionary decision to deny Chaing's application for a waiver under 8 U.S.C. § 1182(i). *See* 8 U.S.C. 1252(a)(2)(B)(i)*; see also Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010) (no court has jurisdiction to review any discretionary judgment regarding waivers under 8 U.S.C. § 1182(i), unless review of the petition involves constitutional claims or questions of law).

Finally, the record does not compel reversal of the IJ's determination that Chaing filed a frivolous asylum application because: (1) contrary to Chaing's contention, she received notice of the consequences of filing a frivolous application; (2) the IJ made specific findings that Chiang knowingly filed a frivolous application; (3) the IJ's frivolous findings were supported by a

preponderance of the evidence; and (4) Chaing was given sufficient opportunity to explain. *See Ahir v. Mukasey*, 527 F.3d 912, 917-19 (9th Cir. 2008); *see also Cheema v. Holder*, 693 F.3d 1045, 1048-50 (9th Cir. 2012) (asylum application's written warning adequately notifies the applicant of the consequences of filing a frivolous application).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**