**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMUNDO PARTIDA RAMIREZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73061

Agency No. A092-829-792

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Raymundo Partida Ramirez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and dismissing his appeal from an immigration judge's removal

order.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of law, *Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010), and we deny the petition for review.

At the time Ramirez adjusted to legal permanent resident status he failed to disclose his conviction for committing a lewd act upon a child, which he conceded was a conviction for a crime involving moral turpitude. Accordingly, the BIA did not err in determining that Ramirez is ineligible for a fraud waiver under 8 U.S.C. § 1227(a)(1)(H) because he was inadmissible at the time of his adjustment of status due to his conviction for a crime involving moral turpitude, rather than because of fraud alone. *See* 8 U.S.C. § 1227(a)(1)(H) (a waiver is available for aliens removable on the ground that they were inadmissible at the time of admission due to fraud or misrepresentation, and were otherwise admissible at the time of such admission); *Corona-Mendez*, 593 F.3d at 1146-48 (where an alien is inadmissible on more than one ground he is not "otherwise admissible" for purposes of 8 U.S.C. § 1227(a)(1)(H) waiver eligibility).

As Ramirez is not now seeking adjustment, the BIA did not err in determining that Ramirez is ineligible for a section 212(h) waiver. *See* 8 C.F.R. § 1245.1(f); *see also Matter of Rivas*, 26 I. & N. Dec. 130, 131-35 (BIA 2013) (a 212(h) waiver is available only in conjunction with an application to adjust status and may not be granted nunc pro tunc).

The BIA did not err in concluding that Ramirez is ineligible for former section 212(c) relief because Ramirez fraudulently obtained his legal permanent residence status in the United States, and therefore was never lawfully admitted for permanent status as required by former section 212(c).  *See Monet v. INS*, 791 F.2d 752, 753 (9th Cir. 1986) (former section 212(c) relief is unavailable to an alien who is not lawfully admitted).

Ramirez's motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**

.