**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARINDERJIT SINGH, | No. 10-71208 |
| Petitioner, | Agency No. A073-419-674 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| NARINDERJIT SINGH, | No. 10-73415 |
| Petitioner, | Agency No. A073-419-674 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 9, 2014[**]
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

**1.** Our jurisdiction to review the denial of an INA § 212(i) waiver is limited by 8 U.S.C. § 1252. *See Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010). We have jurisdiction to review only questions of law and constitutional claims. *Id.* Singh's "factual errors" and adverse credibility arguments don't fall under either category, as they boil down to claims that the Immigration Judge (IJ) abused its discretion. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We therefore lack jurisdiction to review these arguments.

We have jurisdiction to review Singh's due process claim, but we reject it on the merits. Singh's children were not his qualifying relatives for the § 212(i) waiver, so their feelings were not relevant to the hardship inquiry. *See* 8 U.S.C. § 1182(i). As the Board of Immigration Appeals (BIA) noted, Singh's wife was a qualifying relative, and he could have testified about the hardship she would suffer based on their children's reaction to his removal. Singh did not provide such testimony. That Singh failed to do so doesn't show that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case."

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks omitted).

**2.** We have jurisdiction to review the BIA's denial of Singh's motion to reopen. *See Fernandez v. Gonzalez*, 439 F.3d 592, 599–600 (9th Cir. 2006). However, the BIA didn't abuse its discretion in denying that motion. It properly considered Singh's newly submitted evidence and concluded that the evidence didn't materially alter Singh's hardship showing. The BIA had previously considered whether his wife's anxiety and depression satisfied the extreme hardship standard, and the BIA didn't abuse its discretion in concluding the additional evidence wasn't material. *Cf. Garcia v. Holder*, 621 F.3d 906, 912–13 (9th Cir. 2010). The BIA was not required to explicitly reject each and every document Singh presented. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). It needed only to provide a decision sufficiently detailing its reasoning so as to allow for adequate review, and it did so here. *Id.*

**PETITION DISMISSED IN PART; DENIED IN PART.**