**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDERJIT KAUR, | No. 14-73434 |
| Petitioner, | Agency No. A070-544-016 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Inderjit Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") final order of removal.  We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary decision to deny

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kaur's application for a waiver of inadmissibility under 8 U.S.C. § 1182(i). *See* 8 U.S.C. § 1252(a)(2)(B)(i). Kaur fails to raise a colorable constitutional claim or question of law to invoke our jurisdiction. *See Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010) (the court has jurisdiction to review a discretionary determination only if it involves constitutional claims or questions of law); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (a claim that the agency did not properly weigh hardship evidence does not state a colorable due process claim); *De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2008) (evaluating hardship to a qualifying relative necessarily implicates family unity, and to carve out an exception to lack of jurisdiction would "swallow the rule itself").

In light of this decision, we need not reach Kaur's contentions regarding the IJ's credibility finding.

**PETITION FOR REVIEW DISMISSED.**

14-73434