**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELO BALLESTEROS-GALICIA, | No. 13-72890 |
| Petitioner, | Agency No. A091-621-694 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2017[**]
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and DONATO,[***] District Judge.

Marcelo Ballesteros-Galicia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' dismissal of his appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

immigration judge's decision denying him a waiver under Section 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Ballesteros-Galicia contends that the BIA erred in finding him ineligible for a Section 237(a)(1)(H) waiver because he satisfied the statutory requirement that he be "otherwise admissible," but Ballesteros-Galicia's reliance on *Ledezma-Galicia v. Holder*, 636 F.3d 1059 (9th Cir. 2010), for that argument is misplaced. We held in that case that "Ledezma-Galicia is not removable by reason of being an aggravated felon, because 8 U.S.C. § 1227(a)(2)(A)(iii) does not apply to convictions, like Ledezma-Galicia's, that occurred prior to November 18, 1988." *Id*. at 1080. That has no application to this case because Ballesteros-Galicia is not charged with removability on the basis of any aggravated felony. He was instead charged with being removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance offense, because of his May 1986 conviction of possession for sale of cocaine in violation of California Health and Safety Code Section 11351.

Unlike Ledezma-Galicia, Ballesteros-Galicia's cocaine conviction made him excludable and deportable from the moment of conviction. *See* 8 U.S.C. § 1182(a)(23) (1986) (aliens "ineligible to receive visas and shall be excluded from admission into the United States" if "convicted of a violation of . . . any law or

regulation relating to the illicit possession of or traffic in narcotic drugs"); 8 U.S.C. § 1251(a)(11) (1986) (alien in the United States deportable if he "at any time has been convicted of a violation of . . . any law or regulation relating to the illicit possession of or traffic in narcotic drugs"); *cf. Ledezma-Galicia*, 636 F.3d at 1062-66 (immigration law then in effect did not render Ledezma-Galicia removable at the time he was convicted of sexual abuse of a minor, which only later became defined as a deportable "aggravated felony"). This factual difference distinguishes *Ledezma-Galicia* from this case and confirms Ballesteros-Galicia's ineligibility for a Section 237(a)(1)(H) waiver. *See Corona-Mendez v. Holder*, 593 F.3d 1143, 1147 (9th Cir. 2010) (Section 237(a)(1)(H) waiver of fraud statutorily unavailable if petitioner is inadmissible on grounds other than the fraud petitioner seeks excused). Even if Section 237(a)(1)(H) could excuse Ballesteros-Galicia's failure to disclose his 1986 controlled substance conviction in his subsequent applications to adjust his status, the fact of the conviction would remain unexcused and render him otherwise inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Consequently, the BIA correctly concluded that Ballesteros-Galicia was not "otherwise admissible" and that he was ineligible for a Section 237(a)(1)(H) waiver.

**PETITION FOR REVIEW DENIED.**