NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EZRA DAVE GIPAN MALING,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-70634

Agency No. A089-970-570

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 2, 2019[**]

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Ezra Dave Gipan Maling, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying adjustment of status; cancellation of removal for permanent and nonpermanent residents; voluntary

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

departure; waivers under 8 U.S.C. §§ 1227(a)(1)(E), (H) and 1182(i); withholding of removal; and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part.

1. Maling challenges the IJ's adverse credibility determination, which the BIA affirmed. We "must uphold [the adverse credibility determination] unless the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011). We reject Maling's contentions that the agency misconstrued his testimony or disregarded corroborating evidence. The BIA based its decision on multiple inconsistencies between Maling's testimony and other documentary and testimonial evidence in the record as well as the implausibility of Maling's explanations for the inconsistencies. The evidence on which Maling relies and the record as a whole do not compel a result contrary to that reached by the BIA. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999).

In light of the adverse credibility determination, the record supports the agency's finding that Maling is removable for attempting to procure an immigration benefit by willfully misrepresenting a material fact in his 2015 naturalization interview. *See* 8 U.S.C. § 1227(a)(1)(A) (alien who is inadmissible at the time of entry or adjustment of status is removable); 8 U.S.C. § 1182(a)(6)(C)(i) (alien who seeks an immigration benefit by willfully misrepresenting a material fact is inadmissible).

2.      We are not persuaded by Maling's contentions that the agency's discretionary denials of adjustment of status; cancellation of removal for permanent and nonpermanent residents; voluntary departure; and waivers under 8 U.S.C. §§ 1227(a)(1)(E), (H) and 1182(i) were based on legal or constitutional errors. *See Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010) (the court has jurisdiction to review a discretionary determination listed at 8 U.S.C. § 1252(a)(2)(B) only if it involves constitutional claims or questions of law). Given this determination, we need not address Maling's challenge to the agency's alternate ground for denying adjustment of status.

3.      Substantial evidence supports the agency's determination that Maling is ineligible for withholding of removal because there are serious reasons to believe he committed a serious nonpolitical crime before entering the United States. *See* 8 U.S.C. § 1231(b)(3)(B)(iii). The record includes a criminal complaint, arrest warrants, news reports, and testimony indicating Maling has been charged with the murder of his girlfriend in the Philippines, and Maling points to no contrary evidence other than his own testimony, which the agency found lacked credibility. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1188–90 (9th Cir. 2016) (denying review where record included criminal indictment and sworn statements specifically linking alien to the crime in question).

16-70634

To the extent that Maling challenges whether the criminal proceeding documents from the Philippines were properly authenticated, we lack jurisdiction to consider this contention because Maling did not raise it before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Further, nothing in the BIA's decision indicates it relied on the memorandum of investigation prepared by an Immigration and Customs Enforcement agent following his interrogation of Maling. Therefore, Maling's due process claim regarding that memorandum fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

4. Substantial evidence also supports the agency's denial of CAT relief. The record evidence, including testimony from Maling's family and the U.S. Department of State Country Reports on Human Rights Practices, does not compel the conclusion that Maling is more likely than not to be tortured by or with the acquiescence of public officials in the Philippines. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70634