**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA PEREYRA-FLORES, | No. 17-70357 |
| Petitioner, | Agency No. A038-821-260 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Yolanda Pereyra-Flores, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing the immigration judge's

("IJ") denial of her applications for adjustment of status, and denial of a waiver

under 8 U.S.C. § 1182(i) and a waiver under § 1227(a)(1)(H). Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, and we review for substantial evidence the agency's factual determinations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Pereyra-Flores's due process contention regarding the lack of a complete record is unavailing because she failed to show that she was prejudiced by the IJ's failure to record a portion of the removal hearing on October 5, 2010. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

To the extent the agency relied on its adverse credibility determination to deny the waiver under 8 U.S.C. § 1227(a)(1)(H) as a matter of discretion, and the determination is subject to review, the agency applied the correct legal standard and its decision is supported by substantial evidence. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision); *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010) (adverse credibility determination supported under the totality of the circumstances).

We lack jurisdiction to review Pereyra-Flores's contentions regarding the agency's denial of the waiver under 8 U.S.C. § 1182(i) for failure to show

2                                                                                              17-70357

hardship, where she does not raise a colorable constitutional claim or question of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B); *Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010) (the court lacks jurisdiction to review the agency's denial of a waiver under 8 U.S.C. § 1182(i) unless review of the petition involves constitutional claims or questions of law); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("to be colorable . . . the claim must have some possible validity").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**