**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE GOMEZ GUTIERREZ; SHANNON GOMEZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; et al., <br><br> Defendants-Appellees. | No. 20-16644 <br><br> D.C. No. 2:19-cv-01240-JCM-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 12, 2021[**]
San Francisco, California

Before: SILER,[***] CHRISTEN, and FORREST, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs Enrique Gomez Gutierrez and Shannon Gomez, a married couple, appeal the district court's order granting Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). We have jurisdiction, 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

The district court correctly held that it did not have jurisdiction to review the United States Citizenship and Immigration Services's ("USCIS") denial of Enrique's Form I-601 Application of Waiver for Grounds of Inadmissibility under 8 U.S.C. § 1182(i)(1).[1] Pursuant to 8 U.S.C. § 1182(i)(2), "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver" of inadmissibility. *See Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010). Congress also divested the district court of jurisdiction to review decisions (like the denial of Enrique's Form I-601 under § 1182(i)(1)) that are "in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii); § 1182(i)(1) (emphasis added) ("The Attorney General may, *in the discretion of the Attorney*

---

[1] Because USCIS denied Enrique's Form I-601, his Form I-485 Application for Adjustment of Status and Form I-212 Application for Permission to Reapply for Admission into the United States after Deportation or Removal were automatically denied.

*General*, waive . . ."); *see also Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868, 873 (9th Cir. 2019).

Plaintiffs' argument that the district court had jurisdiction under 8 U.S.C. § 1252(a)(2)(D) is not persuasive. Although that provision confers jurisdiction to "an appropriate court of appeals" to review "constitutional claims or questions of law," it is inapplicable because Plaintiffs brought their claims before a district court, and Plaintiffs raise neither constitutional claims nor questions of law; the error they point to is USCIS's failure to analyze the hardship to Shannon, Enrique's lawfully resident spouse.

Plaintiffs' argument that the Administrative Procedure Act ("APA") supplied jurisdiction to the district court is likewise unavailing. The APA provides that it does not apply "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The district court correctly held that it did not have jurisdiction under the APA because § 1182(i)(2) and § 1252(a)(2)(B) preclude judicial review, and USCIS's denial of Enrique's Form I-601 was discretionary.

**AFFIRMED**