**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESA FIGUEROA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-951 Agency No. A047-760-366 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2025**
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Teresa Figueroa Flores (Figueroa), a Mexican citizen, seeks review of a

decision by the Board of Immigration Appeals ("BIA") denying her application for

asylum, cancellation of removal and protection under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

Figueroa married Fernando Figueroa (Fernando), a naturalized citizen, in 1999 in Mexico. Impatient with the visa process, Figueroa twice attempted to enter the United States illegally and both times was removed. During one of her attempts, Figueroa falsely identified herself as Fernando's half-sister, a United States citizen. When she subsequently had her immigration visa interview with the U.S. consulate, she did not mention her prior removals. She was admitted into the United States as a permanent resident, and has lived in Hood River, Oregon, since then.

In 2014, when returning from Mexico, Figueroa was questioned by the border authorities and charged with not possessing a valid entry document because she had procured her visa through fraud or willful misrepresentation. The agency denied Figueroa asylum, cancellation of removal, withholding of removal, and protection under CAT. Figueroa petitions for review asserting that (1) she is eligible for a fraud waiver, (2) her removal will cause exceptional and extremely unusual hardship to her husband and children, (3) she was denied due process by the Immigration Judge ("IJ"), and (4) she is entitled to asylum, withholding of removal, and protection under CAT because she reasonably fears persecution if returned to Mexico.

23-951

**1.** Figueroa has not shown that the agency erred in pretermitting her request for a fraud waiver under 8 U.S.C. § 1227(a)(1)(H). The statute authorizes the waiver of certain misrepresentations upon a showing that but for the misrepresentation the noncitizen was "otherwise admissible." While the statute might be interpreted to allow waiver of the underlying misdeeds that led to the misrepresentation, we rejected this perspective in *Corona-Mendez v. Holder*, 593 F.3d 1143 (9th Cir. 2010). We held that "two grounds of inadmissibility existed for Corona–Mendez at the time of his fraudulent application for adjustment of status—the fraud itself and his improper return to the United States after deportation, without permission to reenter" and that because "237(a)(1)(H) relief is only available where it will render the petitioner 'otherwise admissible' as of the time the fraud it excuses transpired, the Board properly determined that the 237(a)(1)(H) waiver was statutorily unavailable to Corona–Mendez." *Id*. at 1147. Similarly, here, even if Figueroa's misrepresentation were waived, she would remain inadmissible as a noncitizen who had been removed and sought readmission without permission of the Attorney General (8 U.S.C. § 1182(a)(9)(A)) and as a noncitizen who falsely claimed U.S. citizenship (8 U.S.C. § 1182(a)(6)(C)(ii)(I)). The IJ properly pretermitted Figueroa's request for fraud waiver.

**2.** Figueroa has not shown that the agency erred in finding that her removal

would not cause "exceptional and extremely unusual hardship" to her husband and children. The Attorney General may cancel removal where the noncitizen "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1). "Exceptional and extremely unusual hardship" is defined to require something substantially "beyond the ordinary hardship that would be expected when a close family member leaves this country." *Matter of Monreal*, 23 I&N Dec. 56, 62 (BIA 2001); *see also Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) ("[t]he hardship must be out of the ordinary and exceedingly uncommon. It must deviate, in the extreme, from the norm."). Moreover, in *Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1088–89 (9th Cir. 2025), we held that while the court has jurisdiction to review a fact-intensive mixed question, the agency's factual determinations receive "deferential" review.

The agency discounted the alleged hardships to Figueroa's husband and children noting the children's ages, Fernando's employment, and the support and ties the family has in Hood River, Oregon where they have lived for 20 years. Figueroa does not challenge the factual basis for the agency's determination, and she has not shown that, when viewed deferentially, the agency erred in concluding she had not shown the exceptional and extremely unusual hardship necessary for cancellation of removal.

**3.** Figueroa has not shown that she was denied due process in her immigration proceedings. To prevail on a due process claim, Figueroa must show that she was denied a full and fair hearing and suffers prejudice therefrom. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007).

Figueroa asserts that Fernando did not have adequate time to "subjectively describe" his back injury and his reliance on Figueroa for his personal care. She also alleges that the IJ failed to give adequate weight to her expert's opinion.

The record does not show that Figueroa was denied procedural due process. Her attorney called Fernando as a witness, completed his examination of Fernando, and declined to ask further questions after Fernando was cross-examined. Moreover, Figueroa has not made the requisite showing of prejudice as all of her allegations concerning her husband and children are fully set forth in the record and she does not identify any particular matter that was not considered by the agency.

**4.** Finally, Figueroa has not shown that she is entitled to asylum, withholding of removal, and protection under the CAT because of a reasonable fear of future persecution. The Attorney General may grant relief upon a showing of "credible, direct, and specific evidence" that supports a reasonable fear of persecution. *Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir. 1988) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1428 (1995)). A non-citizen who has not suffered past

persecution may still have a reasonable fear of future persecution, but that fear must be objectively reasonable. *Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021). For relief under CAT, a non-citizen must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). She "cannot simply prove that there exists a generalized or random possibility of persecution . . . [she] must show that [she] is at particular risk—that '[her] predicament is appreciably different from the dangers faced by [her] fellow citizens.'" *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994) (quoting *Vides-Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir. 1986)).

Figueroa does not allege any past persecution or that she has ever been threatened in Mexico. She asserts that criminal groups carry out torture in her home state of Guerrero and that government officials are corrupt and are complicit with criminals. But she does not allege that she holds any political opinion or has any characteristic that is likely to cause her to be the subject of persecution by the government or with its acquiescence. Nor does she allege any threats of future persecution or torture. Accordingly, Figueroa has not shown that she is entitled to asylum, withholding of removal, or CAT relief. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden.").

The petition is **DENIED**.